People v Hughes (2025 NY Slip Op 06367)

People v Hughes

2025 NY Slip Op 06367

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CR-24-1973
[*1]The People of the State of New York, Respondent,
v
Jonathan Hughes, Appellant.

Calendar Date:October 9, 2025

Before:Garry, P.J., Clark, Aarons, Lynch and Powers, JJ. 

Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of St. Lawrence County (Gregory Storie, J.), rendered March 8, 2024, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to 3½ years in prison, to be followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. County Court thereafter imposed the agreed-upon sentence. Defendant appeals.
We affirm. Contrary to defendant's claim, we find that he validly waived his right to appeal. County Court advised defendant that the right to appeal was separate and distinct from those rights forfeited by a guilty plea and expressly delineated the appellate rights that survive the waiver, which defendant affirmed he understood (see People v Patterson, 233 AD3d 1204, 1205 [3d Dept 2024]; People v Delosh, 227 AD3d 1276, 1276 [3d Dept 2024]). Defendant also signed a written appeal waiver that we find is valid, and assured the court that he had reviewed it with counsel and understood its ramifications (see People v Berry, 236 AD3d 1199, 1200 [3d Dept 2025]; People v Cali, 229 AD3d 940, 941 [3d Dept 2024]). "Although defendant acknowledged his guilt prior to waiving his right to appeal, the court did not accept the plea until after defendant was sufficiently advised of and waived his appellate rights" (People v Muller, 217 AD3d 1269, 1270 [3d Dept 2025] [citation omitted], lv denied 40 NY3d 1093 [2024]; see People v Snyder, 235 AD3d 1072, 1073 [3d Dept 2025]). Accordingly, defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Snyder, 235 AD3d at 1073; People v Delosh, 227 AD3d at 1277). Given his valid appeal waiver, defendant's challenge to County Court's denial of his suppression motion is precluded (see People v Robinson, 236 AD3d 1182, 1183 [3d Dept 2025]; People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022], lv denied 39 NY3d 942 [2022]).
Garry, P.J., Clark, Lynch and Powers, JJ., concur.
ORDERED that the judgment is affirmed.